UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARLA BRENNER a/k/a LAMONDA ) <br> FULLER a/k/a LAMOND FULLER ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CORRECTIONS CORPORATION OF ) <br> AMERICA and THE METROPOLITAN ) <br> GOVERNMENT OF NASHVILLE and ) <br> DAVIDSON COUNTY, TENNESSEE, ) <br> ) <br> Defendants. ) | Civil Action Number 3:11-307 <br> Jury Demand <br> Judge Haynes <br> Magistrate Judge Brown |

## PROPOSED CASE MANAGEMENT ORDER

Pursuant to the Court's Order dated November 2\, 2012 and Local Rule 16.01(b)(2), counsel for Plaintiff Carla Brenner a/k/a Lamonda Fuller a/k/a Lamond Fuller, Defendant Corrections Corporation of America ("CCA"), and Defendant the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") respectfully submit this Proposed Case Management Order for the Court's consideration at the Initial Case Management Conference.

### I. Jurisdiction

The parties agree that 28 U.S.C. § 1331 and 28 U.S.C. § 1343 provide this Court with original jurisdiction over Plaintiff's federal law claims. Plaintiff and CCA agree that 28 U.S.C. § 1367 provides this Court with supplemental jurisdiction over Plaintiff's state law claims. Metro requests that the Court not exercise pendent state law claim jurisdiction. Defendants contend that any dismissal of Plaintiff's federal law claims mandates dismissal of Plaintiff's supplemental state law claims.

### II. Service of Process

Plaintiff completed service of process on Defendants.

### III. Responsive Pleadings

On September 29, 2012, CCA filed an Answer to the Amended Complaint. Metro filed an Answer to the Amended Complaint on October 1, 2012.

### IV. Theories of the Case

A. <u>Theory of the Case (Plaintiff)</u>: Carla Brenner was born a man but who appears, talks, acts, and lives as a woman. Ms. Brenner has not has surgery to alter her genitalia. To her great misfortune, she was imprisoned at a Metro facility which was taken over by CCA.

While Ms. Brenner was in custody she was subjected to multiple strip searches and a doctor's examination. Despite her statements she was born a male she was repeatedly determined by Metro and CC Staff to be a female. Upon this determination, she was placed with female prisoners where she was subjected to abuse, ridicule, and sexual assault. She was further threatened if she disclosed to the other prisoner her true gender identity.

B. <u>Theory of the Case (CCA)</u>: CCA has not yet completed its factual investigation of the incidents at issue in the pending lawsuit. Nevertheless, given the factual investigation that CCA has conducted to date, CCA expressly denies any and all allegations of wrongdoing. CCA housed Plaintiff in an appropriate manner and endeavored to ensure Plaintiff's well-being throughout her incarceration at the Metro-Davidson County Detention Facility. In addition, CCA expressly denies any and all claims of damages.

C. <u>Theory of the Case (Metro)</u>: The Metropolitan Government of Nashville and Davidson County denies liability in this action and adopts and incorporates by reference all of the denials, averments and defenses contained in its Answer.

### V. Issues in Dispute

All issues are presently in dispute.

## VI. Issues Under Federal Rules of Civil Procedure 13-15, 17-21, and 23

Plaintiff will amend pleadings or join parties on or before January 31, 2013. Defendants will amend pleadings or join parties on or before February 15, 2013.

## VII. Witnesses

Each party will identify known witnesses in Rule 26 Initial Disclosures.

## VIII. Initial Disclosures and Staging of Discovery

A. <u>Initial Disclosures</u>: The parties will exchange Initial Disclosures required under Federal Rule of Civil Procedure 26(a)(1) on or before December 28, 2012.

B. <u>Discovery</u>: There will be no stay of discovery pending disposition of any motions, unless ordered by the Court. The parties will complete all fact discovery, including fact discovery of non-parties, on or before 6-2, 2013, with the exception of requests for admission, which may be served on or before January 2, 2014. All written discovery will be submitted in sufficient time so that responses will be in hand on or before 6-2, 2013 (January 2, 2014 for requests for admission). The parties will file all discovery-related motions on or before May 15, 2013, with the exception of motions regarding requests for admission. No motions concerning discovery will be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference call with Magistrate Judge Joe B. Brown. The parties must complete all depositions of witnesses for use at trial at least sixty (60) days prior to trial of this matter.

C. <u>Rule 26 Expert Disclosures</u>: Plaintiff will serve Rule 26 Expert Disclosures on or before June 1, 2013. Defendants will serve Rule 26 Expert Disclosures on or before July 1, 2013. The parties will serve Rule 26 Expert Disclosure Supplements on or before July 15, 2013.

3

D.  Expert Discovery: The parties will complete expert discovery on or before September 16, 2013.

## IX. Dispositive Motion Deadline

The parties will file dispositive motions on or before October 1, 2013. The parties will file responses to dispositive motions on or before October 29, 2013 or twenty-eight (28) days after the dispositive motion is filed -- whichever is earlier. The parties will file replies to responses to dispositive motions on or before November 13, 2013 or fifteen (15) days after the response is filed -- whichever is earlier. The motion and response are limited to twenty-five (25) pages, and the reply is limited to five (5) pages, absent Court permission.

## X. Additional Case Management Conferences

A further case management conference is set by telephone for April 22, 2013 at 3:00 p.m. Parties shall dial 615-695-2851 to join the call.

## XI. Alternative Dispute Resolution

At this time, the parties do not believe participation in alternative dispute resolution would be productive.

## XII. Consent to Trial Before the Magistrate Judge

The parties do not consent to trial before the Magistrate Judge.

## XIII. Pre-Trial / Target Trial Date

After consulting Judge Haynes' chambers, this case is set for a Jury trial on February 25, 2014 at 9:00 am and a Pretrial conference is set for 3:30 pm on February 10, 2014.

                                        JOE B. BROWN
                                        UNITED STATES MAGISTRATE JUDGE

APPROVED FOR ENTRY:


/s/ James D.R. Roberts, Jr.
James D.R. Roberts, Jr. (#17537)
Janet L. Layman (#21569)
Roberts & Layman
1700 Hayes Street, Suite 303
Nashville, Tennessee 37203
(615) 242-2002

*Counsel for Plaintiff Carla Brenner a/k/a
Lamonda Fuller a/k/a Lamond Fuller*


/s/ Erin Palmer Polly
Joseph F. Welborn, III (#15076)
Erin Palmer Polly (#22221)
Walker, Tipps & Malone PLC
2300 One Nashville Place
150 Fourth Avenue North
Nashville, Tennessee 37219
(615) 313-6000

*Counsel for Defendant
Corrections Corporation of America*


/s/ Keli J. Oliver
Keli J. Oliver (#21023)
Derrick Smith (#13961)
Assistant Metropolitan Attorneys
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341

*Counsel for the Metropolitan Government of
Nashville and Davidson County, Tennessee*

## CERTIFICATE OF SERVICE