```
                      UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF TENNESSEE
                           NASHVILLE DIVISION
```

CARLA BRENNER                  )
Prison ID 443202,              )
                               )
    Plaintiff              )
                               )      No. 3:11-0307
v.                             )      Judge Haynes/Brown
                               )      **Jury Demand**
CORRECTIONS CORPORATION        )
OF AMERICA, INC., *et al.*,    )
                               )
    Defendants             )

## **O R D E R**

A telephone conference was held in this matter on November 21, 2013. Thirty-three minutes before the telephone conference began Plaintiff's counsel filed a motion (Docket Entry 72) requesting additional time to respond to the outstanding motions for summary judgment (Docket Entries 46 and 52).

The Magistrate Judge will reluctantly **GRANT** the motion for extension of time. Plaintiff's response to the motion for summary judgment will be due on or before **December 9, 2013**. The primary basis for the motion for an extension is that Plaintiff's counsel was unable to contact the Plaintiff from early October until November 21, 2013.

The Plaintiff has already been cautioned about failing to return medical releases in a timely fashion (Docket Entry 38). This latest failure of being out of communication with counsel for over six weeks is troubling. A plaintiff who fails to prosecute the case and to cause counsel to miss court deadlines runs a serious risk of

having the case dismissed for failure to prosecute and to obey Court orders.

The Defendants may have **14 days** in which to file a reply to the Plaintiff's response to their respective motions for summary judgment.

The Magistrate Judge next turns to the motion to stay discovery (Docket Entry 61), which has been responded and replied to (Docket Entries 67 and 70). This motion is **GRANTED**. It is possible that the pending motions for summary judgment will result in this case being dismissed. In the event the case is not dismissed then the Magistrate Judge will convene a telephone conference with the parties to determine what, if anything, will need to be done in order to have this case scheduled for trial. Discovery should have been completed under the existing scheduling order by now. The Magistrate Judge will be reluctant to reopen discovery that should have been completed during the discovery period. Scheduling orders are just that–orders. Under Rule 16 of the Federal Rules of Civil Procedure good cause must be shown in order to modify them.

Inasmuch as the Magistrate Judge will have to prepare a report and recommendation on the pending dispositive motions, and any objections to that will have to be briefed and ruled on by Chief Judge Haynes, the Magistrate Judge has contacted Judge Haynes's chambers and the final pretrial conference and trial dates

set in Docket Entry 29 are **CANCELED**, to be reset following a decision on the pending motions for summary judgment.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge
